IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VIRGINIA KURSCHINSKE, )
        Plaintiff, )
        v. ) Civil Action No. 06-87 Erie
MEADVILLE FORGING COMPANY, )
        Defendant. )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

    Presently pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 54].

### I. BACKGROUND

    Plaintiff, Virginia Kurschinske, commenced the underlying action against Defendant, Meadville Forging Company, on April 13, 2006, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c et seq. and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. Specifically, Plaintiff claimed she was subjected to a hostile work environment, disparate treatment regarding disciplinary actions, retaliation as a result of her complaints and constructive discharge, all under one Count. See Complaint [Doc. No. 1]. On January 28, 2008, following a four day jury trial, the jury rendered a verdict in favor of Plaintiff with respect to her hostile work environment claim and awarded her $25,000.00 in damages, but rejected her constructive discharge claim. See Special Interrogatories [Doc. No. 52].

    On February 7, 2008, Plaintiff filed her Motion for Attorney's Fees and Costs, seeking an award of attorney fees in the amount of $68,600.00 for approximately 196 hours expended, and costs in the amount of $1,963.30. See Motion, Mahood Aff. Exhibit A, Exhibits 1-2. Defendant opposes the motion arguing that: 1) Plaintiff's "lodestar" calculation is based upon an unreasonable hourly rate; 2) Plaintiff seeks compensation for an unreasonable number of hours; 3) Plaintiff is not entitled to recover travel time and travel-related expenses occasioned by her travel between Pittsburgh and Erie; and 4) the "lodestar" amount should be reduced based upon Plaintiff's limited degree of success. We shall address each objection below.

1

## II. Standard

In an employment discrimination case, the district court has the discretion to award the prevailing party reasonable attorneys' fees. 42 U.S.C. § 2000e-5(k); Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3rd Cir. 2006), cert. denied, 127 S.Ct. 2985 (2007). The starting point for determining the amount of a reasonable fee is the calculation of the "lodestar" amount, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3rd Cir. 1996) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once the lodestar amount has been calculated, the court's discretion to adjust the fee up or down is somewhat circumscribed. As stated in United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto. Center, 501 F.3d 283, 292 (3rd Cir. 2007):

> [t]he categories of considerations that justify adjusting the lodestar have changed over time. "Originally, it was contemplated that the lodestar could be adjusted upward or downward depending on a variety of factors, *see Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167-69 (3rd Cir. 1973), but more recently the Supreme Court has sharply limited the number of factors which can be considered in adjusting the lodestar amount." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3rd Cir. 2000). *See City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (holding courts may not adjust the lodestar amount because an attorney was retained on a contingent-fee basis); *Blum v. Stenson*, 465 U.S. 886, 898-99, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (holding the novelty and complexity of a case are reflected in the lodestar and do not warrant post-lodestar adjustment); *Id.* at 899, 104 S.Ct. 1541 (holding an upward adjustment to the lodestar for quality of service is only applicable in "exceptional" cases).

United Automobile Workers Local 259 Social Sec. Dept. v. Metro Auto. Center, 501 F.3d 283, 292 (3rd Cir. 2007). A court "cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3rd Cir. 1990) (quoting Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3rd Cir. 1989)). Finally, in reviewing a fee application, a district court must conduct "a thorough and searching analysis." Evans v. Port Authority of N.Y. and N.J., 273 F.3d 346, 362 (3rd Cir. 2001).

### III. Discussion

In this case, Defendant challenges the reasonableness of both the hourly rate claimed by Plaintiff's counsel and the number of hours expended. We discuss each objection in turn.

#### *A.    Hourly rate*

In determining a reasonable hourly rate, a three-step burden-shifting framework is followed. First, the prevailing party must establish a prima facie case by producing sufficient evidence as to what constitutes a reasonable market rate for the essential character and complexity of the services rendered. Lanni v. New Jersey, 259 F.3d 146, 149 (3rd Cir. 2001); Smith v. Philadelphia Housing Authority, 107 F.3d 223, 225 (3rd Cir. 1997). If this burden is satisfied, the opposing party then bears the burden of producing appropriate record evidence to contest this rate. Id. If a party fails to establish a prima facie case, "the district court must exercise its discretion in fixing a reasonable hourly rate." Washington, 89 F.3d at 1036; Plan Administrator v. Kienast, 2008 WL 1981637 at *4 (W.D.Pa. 2008).

Here, Plaintiff's counsel requests a rate of $350.00 per hour. In support, she has submitted her own affidavit stating in pertinent part as follows:

> 1. Prior to graduating from Duquesne University School of Law in 1987, and being admitted the same year to the Bar of Pennsylvania and the United States District Court for the Western District of Pennsylvania, I was employed for seventeen years by major commercial insurance carriers in their casualty claims divisions.
>
> 2. During the six years immediately prior to commencing the practice of law, I was employed as Liability Claims Supervisor by the Fireman's Fund Insurance Companies, which position consisted primarily of evaluating and preparing claims for litigation, selecting and evaluating defense counsel, observing and directing litigation in progress, and monitoring and evaluating results obtained and expense incurred.
>
> 3. While an evening student at Duquesne University, I became the first female evening student to win the Sarah M. Teplitz moot trial competition.
>
> 4. Since beginning my sole practice in 1995, I have been retained by ITT Hartford to review and evaluate the handling of litigation by other attorneys.
>
> 5. I have addressed the statewide convention of the Pennsylvania Trial Lawyers Association on civil procedure, have

been invited to speak by the Women In The Law Committee of the Allegheny County Bar Association on litigation tactics, and was a founding member of the Mentoring Committee of the Allegheny County Bar Association.

6. Upon my departure from the insurance industry in 1988, I was immediately offered employment by Daniel M. Berger, Esquire, and was fortunate enough to work with him until I began my sole practice in 1995.

7. After one "second chair" experience with Mr. Berger, I was required to try cases alone, and continued to do so from the first year of my employment onward.

8. Since I began to litigate employment cases for plaintiffs in 1999, I have litigated 25 cases to conclusion, of which three were tried to plaintiff's verdicts, 20 were settled in plaintiff's favor, and only four resulted in summary judgment for defendants, two of which are currently on appeal.

9. Attached hereto as Exhibit 1 is a listing of hours expended by me in litigation and trial of the case, from which I have excluded all hours spent in non-essential activity such as client conferences, and a list of costs and expenses I have advanced is attached as Exhibit 2.

10. My current hourly rate of $350.00 is based on my prior trial and litigation experience and success as outlined herein above, and the fact that payment of my fee is contingent on a favorable outcome for plaintiff.

11. The rate of $350.00 per hour is believed to be reasonable as compared to rates charged by practitioners of similar expertise (See Exhibit 3 hereto) and has been accepted as such by the Commonwealth of Pennsylvania in a post trial settlement effected in September of 2007.

12. From January 17, 2008 through January 28, 2008, I put aside nearly all other client matters in order to devote myself almost entirely to trial preparation and trial and was required to seek the extensions of time in other pending matters. ...

See Motion, Exhibit A, Mahood Aff. ¶¶ 1-12.

Defendant argues that Plaintiff's counsel has failed to establish the reasonableness of the $350.00 per hour rate.[1] We agree. Establishing a prima facie case requires the production of evidence beyond an attorney's own affidavit in support of the requested rate. Interfaith

---

[1] Defendant does not contend that the appropriate forum in determining the hourly rate is Erie or Meadville, but the entire Western District of Pennsylvania.

Community, 426 F.3d at 708 ("The party seeking fees 'bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits ... that the requested hourly rates meet this standard.") (citation omitted); Washington, 89 F.3d at 1035-36 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Plaintiff's counsel has failed to supply the Court with affidavits of **other** practitioners supportive of the requested hourly rate. See Arietta v. City of Allentown, 2006 WL 2850571 at *4 (E.D.Pa. 2006) ("Establishing a prima facie case requires the production of evidence beyond the attorney's own affidavit in support of the requested rate."); Kienast, 2008 WL 1981637 at *5 (plaintiffs failed to establish their prima facie case where only evidence submitted in support of hourly rate was the self-serving declaration from plaintiff's lead counsel). Because Plaintiff has failed in her burden, the Court must exercise its discretion in determining a reasonable rate. Washington, 89 F. 3d at 1036.

Here, we find, based on the Court's familiarity with litigation rates in the Western District of Pennsylvania, that $275.00 per hour is a reasonable hourly rate based upon the nature of the litigation and Plaintiff's counsel's background and experience.

### B. *Number of hours expended*

The next step in the lodestar calculation is to determine the hours reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In conducting this exercise, the court must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are "excessive, redundant, or otherwise unnecessary." Interfaith Community, 426 F.2d at 711 (citation omitted). Here, Defendant objects to the hours claimed by Plaintiff's counsel for preparing and filing a brief in opposition to Defendant's motion for summary judgment, arguing that 40 hours for such task is excessive. See Defendant's Response p. 6-7. Defendant notes, for example, that Plaintiff's counsel claimed 10 hours for preparing an 8-page brief in opposition to Defendant's motion to dismiss and yet claimed 40 hours for preparing her brief in opposition to the summary judgment, which was 16 pages long.

Having carefully reviewed the brief, we find that some reduction is appropriate. The issues in this Title VII case were not particularly complex. Consequently, we conclude that 25 hours represents a reasonable amount of time to complete this task. See Styers v. Commonwealth of Pennsylvania, 2008 WL 2120521 at *4 (M.D.Pa. 2008) (reducing counsel's

hours in opposing motion for summary judgment where case presented no difficulty and issues were straightforward).

### C. *Attorney fees generated in connection with travel and travel-related expenses*

Plaintiff's counsel requests reimbursement for the hours expended in traveling between Pittsburgh and Erie, as well as costs associated with that travel. See Motion, Mahood Aff. Exhibit A, Exhibits 1-2.[2] She seeks reimbursement for associated costs such as gas, meals and lodging. See Motion, Mahood Aff. Exhibit A, Exhibit 2. Defendant challenges Plaintiff's ability to recover these amounts on the basis that the record does not reflect that Plaintiff was unable to obtain counsel from Erie or Crawford County and should not, therefore, be required to pay the fees and expenses occasioned by Plaintiff's counsel's travel.

In Interfaith Community Organization v. Honeywell International, 426 F.3d 694 (3rd Cir. 2005) the court stated:

> [U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel. However, where the forum counsel are unwilling to represent the plaintiff, such costs are compensable.

Interfaith Community, 426 F.3d at 710; see also Hahnemann University Hospital v. All Shore, Inc., 514 F.3d 300, 311-12 (3rd Cir. 2008) (rejecting claim for travel time and associated expenses since there was nothing in the record to suggest forum counsel were unwilling to represent plaintiff); Pretlow v. Cumberland, 2005 WL 3500028 at * 9 (D.N.J. 2005) (finding that in the absence of any showing that plaintiffs were unable to hire counsel within the forum, plaintiffs' counsel was not entitled to reimbursement for travel costs).

Counsel's travel between Pittsburgh and Erie is documented as follows:

| Date | | Hours expended |
|---|---|---|
| 7/14/06 | Travel to Erie; Argument on Motion to Dismiss | 6.00 |
| 10/6/06 | Travel to Erie for Case Management Conference | 6.00 |
| 6/12/07 | Travel to Erie for Argument on Motion for Summary Judgment | 6.00 |

---

[2] We note that counsel's office is located in Pittsburgh, Pennsylvania.

| | | |
|---|---|---|
| 10/24/2007 | Travel to Erie and attendance at Settlement Conference | 6.00 |
| 1/9/08 | Travel to Erie for Attendance at Pretrial Conference | 6.00 |
| 1/22/08 | Travel to Erie and trial preparation | 6.00 |
| 1/25/08 | Trial and travel to Pittsburgh | 8.00 |
| 1/27/08 | Trial preparation and travel to Erie | 7.00 |

See Motion, Mahood Aff. Exhibit A, Exhibit 1. We take judicial notice that travel time between Pittsburgh and Erie is approximately two hours. Untracht v. Fikri, 454 F. Supp. 2d 289, 302 n.9 (W.D.Pa. 2006) ("A court can take judicial notice of distances."), aff'd, 249 Fed. Appx. 268 (3rd Cir. 2007), cert. denied, 128 S.Ct. 1666 (2008); Gordon v. Lewistown Hospital, 272 F. Supp. 2d 393, 429 n.34 (M.D.Pa. 2003) (holding court can take judicial notice of driving distances disclosed on internet mapping services), aff'd, 423 F.3d 184 (3rd Cir. 2005), cert. denied, 547 U.S. 1092 (2006). It appears that 25 hours are claimed in attorneys fees relative to "road time" between Pittsburgh and Erie. If, for instance, counsel had been obtained in Meadville, Pennsylvania, Plaintiff's hometown, or its environs, a one-way trip to Erie would have been approximately 40 minutes.

Consequently, Plaintiff's counsel's fees generated in connection with travel between Pittsburgh and Erie are reduced by two-thirds to 8.33 hours. With respect to Plaintiff's counsel's travel costs identified in Exhibit 2, we shall eliminate the charges relative to lodging in the amount of $306.36 and reduce the claims for gas by two-thirds to $42.24.[3]

### D. *Defendant's request for reduction of the lodestar*

The lodestar is presumed to yield a reasonable fee, but may be reduced to account for "results obtained." Hensley, 461 U.S. at 434; Rode, 892 F.2d at 1183. "It is well established that the court can reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." Washington, 89 F.3d at 1044 (quoting Rode, 892 F.2d at 1183) (internal quotations

---

[3]The base lodestar amount in this case is $45,190.75, which represents $275.00 multiplied by 164.33 hours.

omitted). We may consider the amount of damages awarded compared to the amount of damages sought as one indication of a plaintiff's degree of success, but "may not diminish counsel fees ... to maintain some ratio between the fees and the damages awarded." Washington, 89 F.3d at 1041.

In this case, Defendant contends that the lodestar should be reduced by "67%, at a minimum," because of Plaintiff's having succeeded on only her hostile environment claim. As stated in Lerman v. Joyce International, Inc., 10 F.3d 106, 114 (3rd Cir. 1993):

> In *Hensley*, 461 U.S. at 434, 103 S.Ct. At 1940, the Supreme Court stated that if a plaintiff is not completely successful, a court should consider the following two questions in awarding attorney's fees:
>
> > First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success thatr makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> If the plaintiff presented "distinctly different claims for relief that are based on different facts and legal theories," *Hensley* stated, no fee should be awarded for services on unsuccessful claims. *Id*. *See also West Virginia University Hosp., Inc. v. Casey*, 898 F.2d 357, 362 (3rd Cir. 1990), and *Muth v Central Bucks School Dist.*, 839 F.2d 113, 130 (3rd Cir. 1988). *Hensley* noted, however, that in other cases, "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories" and that it may therefore be "difficult to divide the hours expended on a claim-by-claim basis." 461 U.S. at 435, 103 S.Ct. At 1940. "Such a lawsuit," *Hensley* explained, "cannot be viewed as a series of distinct claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id. Hensley* added that in such a case "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*.

Lerman, 10 F.3d at 114; see also Tenafly Eruv Assoc., Inc. v. Borough of Tenafly, 195 Fed. Appx. 93, 96-7 (3rd Cir. 2006) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation. ... [and] the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").

The jury in this case was asked to decide whether Plaintiff was subjected to a hostile environment and whether she was constructively discharged. The jury found that she had been subjected to a hostile environment and awarded her $25,000.00 in compensatory damages. The hostile environment claim was the "heart" of the case and the constructive discharge claim was inextricably intertwined with it. As, indeed, were Plaintiff's claims of retaliatory harassment and disparate treatment, which were not pursued at trial. Given the amount of the verdict in this case and the fact that all claims arose from a "common core of facts" based on "related theories," no reduction is warranted based upon the Defendant's contention of only partial success.

## IV. Conclusion

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA KURSCHINSKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-87 Erie |
| ) | |
| MEADVILLE FORGING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 30th day of September, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 54] is GRANTED in part and DENIED in part.

JUDGEMENT is hereby entered in favor of Plaintiff, Virginia Kurschinske and against Defendant, Meadville Forging Company in the total amount of $46,763.21.

                                s/ Sean J. McLaughlin
                                United States District Judge

cm: All parties of record.