# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA KURSCHINSKE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-87 Erie |
| MEADVILLE FORGING COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

Presently pending before the Court are the following motions:

> (1) Emergency Motion of Meadville Forging Company, L.P. to Strike Writ of Execution and Deem Judgements Satisfied [Doc. No. 74], filed by Meadville Forging Company, L.P. ("Meadville Forging");

> (2) "Motion to Dismiss/Strike Meadville Forges (sic) Emergency to a Writ of Execution Plea for Failure to Pay Me What is Owed by Valid Judgment; Motion to Strike Attorney Susan Mahoods (sic) Written, Non Verbal Affadavit (sic) as Hostile Hearsay; Motion to Continue Writ of Execution to Collect My Outstanding Money Judgment Owed to Me by this Honorable Court of Jurisdiction; Motion to [Execute] a Writ of Sale Order Against Meadville Forge Company, L.P." [Doc. No. 78], filed by Virginia Kurschinske ("Kurschinske"); and

> (3) "Motions to the Court" [Doc. No. 86], filed by Kurschinske requesting miscellaneous relief.[1]

Oral argument was held on December 20, 2010 and the matter is fully briefed and ripe for disposition. The Court has jurisdiction to entertain Meadville Forging's Motion which, in essence, is a request for relief under Rule 60(b)(5) of the Federal Rules of Civil Procedure, as it is ancillary to the original lawsuit. See Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 799 (7th Cir. 1980).

## I. FACTUAL BACKGROUND

On April 14, 2006, Kurschinske filed a Complaint in this Court against Meadville Forging

---

[1] Kurschinske is proceeding *pro se*.

1

alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, § 2000c *et seq*. and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. Following a jury trial, the jury returned a verdict in favor of Kurschinske and awarded $25,000.00 in damages on January 28, 2008. [Doc. No. 52]. On that date a judgment was entered in favor of Kurschinske in that amount ("Judgment 1"). [Doc. No. 53]. Meadville Forging forwarded to Kurschinske a check for $25,000.00 which was cashed by her on June 27, 2008. See Def. Ex. A.

On February 7, 2008, Kurschinske, through her counsel, Susan Mahood ("Mahood"), filed a Motion for Attorney's Fees and Costs expended in pursuit of her claim. [Doc. No. 54]. By Memorandum Opinion and Order dated September 30, 2008, this Court awarded attorney's fees and costs in favor of Kurschinske and against Meadville Forging in the amount of $46,763.21 ("Judgment 2"). [Doc. No. 63].

On December 2, 2008, Mahood filed a Petition for Equitable Charging Lien, requesting that this Court impose an equitable charging lien in her favor and order payment of Judgment 2 to her. [Doc. No. 65]. A telephonic argument on the Petition was held on January 6, 2009. Mahood contended that she was entitled to the full amount of Judgment 2, *i.e.*, $46,763.21. Kurschinske, on the other hand, argued that Mahood was entitled to a lesser percentage of the fee based upon an alleged contractual agreement with Mahood. At the conclusion of the argument, I dismissed the Petition for lack of jurisdiction. See Tr. of Argument pp. 5-7 [Doc. No. 93].

On March 23, 2009, Mahood filed a lawsuit against Kurschinske and Meadville Forging in the Allegheny County Court of Common Pleas, at No. GD 09-4046 (the "state court action"). In this lawsuit, Mahood sought payment of Judgment 2 in the amount of $46,763.21 for work performed by her and costs paid on behalf of Kurschinske in her federal gender discrimination case. Def. Ex. B. On July 17, 2009, Mahood entered a default judgment against Meadville Forging in the amount of $46,763.21. On August 25, 2009, Meadville Forging forwarded a check in that amount payable to Mahood, and said check was cashed by Mahood on September 2, 2009. Def. Ex. E.

Kurschinske, through counsel, filed an Amended Answer, New Matter and Counterclaim in

the state court action. In the Counterclaim, she alleged, *inter alia*, that she was entitled to $16,094.53 of the attorney's fee award based upon an alleged contract between herself and Mahood. Def. Ex. C. Following oral argument on Mahood's preliminary objections to Kurschinske's Counterclaim, the court granted the preliminary objections by Order dated October 9, 2009 and dismissed Kurschinske's Counterclaim with prejudice. Def. Ex. D. On June 29, 2010, Mahood discontinued the state court action.

On October 5, 2010, Kurschinske filed a Praecipe for Writ of Execution in this Court requesting a Writ of Execution be issued against Meadville Forging [Doc. No. 71], and a Writ of Execution was issued by the Deputy Clerk. On October 19, 2010 Meadville Forging filed an Emergency Motion to Strike the Writ of Execution and Deem Judgements Satisfied. [Doc. No. 74]. Thereafter, on December 6, 2010, Kurschinske caused a Writ of Garnishment to be served on PNC Bank directing PNC Bank to garnish all bank accounts for Meadville Forging. [Doc. No. 80]. In response, Meadville Forging filed an Emergency Motion to Stay Execution and Dissolve Garnishment. [Doc. No. 81]. I granted this Motion on December 9, 2010 and scheduled a hearing on the merits of Meadville Forging's Emergency Motion to Strike Writ of Execution and Deem Judgments Satisfied for December 20, 2010. [Doc. No. 83]. A hearing was held on that date and the matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged ....

Fed.R.Civ.P. 60(b)(5); see also Sunderland v. City of Philadelphia, 575 F.2d 1089, 1090 (3rd Cir. 1978). This provision provides a court with the discretion to declare a judgment satisfied "when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt." AIG Sterling Heights, LLC v. American Multi-Cinema, Inc., 579 F.3d 1268, 1272 (11th Cir. 2009), cert. denied __ U.S. __ (2010) (quoting Gibbs v. Maxwell House, A Div. Of Gen. Foods Corp., 738 F.2d 1153,

3

1155 (11th Cir. 1984)). "Generally, Rule 60(b)(5) is invoked by a party seeking relief from a judgment that has been satisfied due to events or payments occurring after it was entered." U.S. v. Stonehill, 959 F.2d 243, 1992 WL 68261 at *1 (9th Cir.), cert. denied, 506 U.S. 862 (1992).

### III. DISCUSSION

*Judgment 1*

Meadville Forging contends that Judgment 1 has been satisfied because it paid Kurschinske $25,000.00 on June 27, 2008. I agree. Consequently, the Clerk of Courts will be directed to mark that Judgment satisfied. However, pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "[T]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Dunn v. Hovic, 13 F.3d 58, 61 (3rd Cir.), cert. denied, 510 U.S. 1031 (1993) quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990); see also Nationalist Movement v. City of New York, 340 Fed. Appx. 91, 94 (3rd Cir. 2009). Post-judgment interest is awarded by statute as a matter of law so it is automatically added, "whether or not the district court orders it." Dunn, 13 F.3d at 62.

Meadville Forging will be ordered to calculate post-judgment interest pursuant to § 1961(a), from January 28, 2008 to June 26, 2008, and issue the Plaintiff a draft in the amount of that interest within ten (10) days from the date of this Court's Order.

*Judgment 2*

Meadville Forging argues that Judgment 2 has been satisfied due to its payment to Mahood of $46,763.21 in connection with the state court action. It further argues that Kurschinske is precluded from pressing her claim for a portion of the attorney's fee in this case by virtue of the adverse state court ruling of October 9, 2009. As a predicate to addressing Meadville Forging's contention, a brief review of the pleadings in the state court action is necessary. In her state court action, Mahood filed a four count Complaint, which included a request for an equitable charging lien

in her favor, a breach of contract claim and a claim for unjust enrichment. Def. Ex. B ¶¶ 22-34.

In her New Matter and Counterclaim, filed on July 17, 2009, Kurschinske alleged the following:

NEW MATTER

• • •

> 39. Defendant Kurschinske and the Plaintiff entered into a first contract as stated in the Plaintiff's Complaint. This involved retaining the Plaintiff to represent Defendant Kurschinske in a discrimination matter. A contingency fee agreement was executed by both parties wherein the Plaintiff was to receive 40% of any award and costs.
>
> 40. At or near the conclusion of the trial in the discrimination matter, the Plaintiff suggested that as a matter of strategy, the parties modify the original contract and waive the 40% contingency fee.
>
> 41. When this modification was accepted by Defendant Kurschinske, it was with the understanding that the statutory award would be included in the total award and that the Plaintiff would receive 40% of the total award.
>
> 42. The Plaintiff suggested to Defendant Kurschinske that when the statutory award was submitted that the award would approach $70,000.00 and in fact it did.
>
> 43. The Honorable Sean McLaughlin accepted the sum of $46,763.21 as reasonable attorney's fees and costs.
>
> 44. When the amount was entered by the court, Defendant Kurschinske did not receive the fees submitted and became suspicious that the amount would not be divided as was agreed upon.
>
> 45. After petitioning and argument with the Honorable Sean McLaughlin, the matter was dismissed for lack of jurisdiction.
>
> 46. A compromise was reached and accepted in January 2009 and a new agreement was entered by both the Plaintiff and Defendant Kurschinske. This was the 3rd agreement.
>
> 47. After entering into this agreement, the Plaintiff did not respond and Defendant Kurschinske again became suspicious and attempted to revoke the Plaintiff's ability to receive the money, she did not attempt to revoke the agreement.
>
> 48. Plaintiff has not honored the compromise and agreement that was entered in January 2009 and Defendant Kurschinske has never received any of the money.

. . .

## COUNTER CLAIM
## COUNT I - BREACH OF CONTRACT

51. Defendant incorporates herein all of the preceding paragraphs though fully set forth at length.

52. The Plaintiff's actions have breached all of the agreements arrived at with Defendant Kurschinske. Defendant Kurschinske is entitled to an award to compensate her for this breach.

WHEREFORE, Defendant Kurschinske asks that judgment be entered in her favor in the amount of $16,094.53 plus interests and costs.

JURY TRIAL DEMANDED

## COUNT II - BAD FAITH ACTION

53. Defendant incorporates herein all of the preceding paragraphs as though fully set forth at length.

54. The actions of the Plaintiff in initiating this litigation are arbitrary, vectious and/or in bad faith for the following reasons:

    a. Plaintiff has filed a suit in a county that is not the proper venue;

    b. By complaint, the Plaintiff has admitted there was a compromise and acceptance yet the claim seems to request the full amount to be paid in judgment;

55. Defendant Kurschinske requests an award of attorney's fees under these facts by statute, namely, 42 Pa.C.S.A. Section 2503 (6) (7) (9).

WHEREFORE, Defendant Kurschinske would ask that the Plaintiff's complaint be dismissed and that the defendant be awarded reasonable counsel fees as a sanction against the Plaintiff for commencing or continuing with this litigation in excess of $10,000.00.

. . .

Def. Ex. C ¶¶ 39-48; 51-55.

On July 30, 2009, Mahood filed, *inter alia*, Preliminary Objections to Kurshinske's Counterclaim. See Preliminary Objections to Preliminary Objections and Counterclaim of Virginia Kurschinske, [Doc. No. 16] filed in Mahood v. Kurschinske, et al., No. GD 09-4046. In this

document, Mahood asserted the following:

• • •

> 11. At ¶¶ 51-55 of her responsive pleading, Kurschinske attempts to set forth a "Counterclaim" in two counts, neither of which states a cause of action cognizable under Pennsylvania law.
>
> 12. Count I, at ¶¶ 51 and 52 is labeled "Breach of Contract" and asks for the sum certain of $16,094.53 "plus interest and costs", but cites no express agreement by Plaintiff to pay her such sum, nor any consideration for doing so, nor any other legal basis for the claim.
>
> 13. Although she sets forth the single bald assertion that "Plaintiff's actions have breached all of the agreements arrived at with Defendant Kurshinske", she admits in her Amended Answer that Plaintiff fully performed under the original contract, including execution on the verdict and payment of the entire verdict amount to Kurschinske. (¶¶ 6, 10).
>
> 14. Kurshcinske seems to allege elsewhere in her New Matter ... that there was an oral agreement to pay her some part of the subsequent award of attorney fees, which Plaintiff denies, but even if such an agreement had been made, it would be contrary to public policy, and therefore void.
>
> 15. Although Kurschinske does allege, at ¶ 46 of her New Matter, that a "compromise was reached and accepted" in January 2009 and "a new agreement was entered", no specifics are pled to apprise the court of what the agreement was or on what consideration it was based.
>
> 16. Further, whatever the alleged January 2009 agreement may have been, Kurschinske admits (¶ 47) that she attempted to revoke it so that Plaintiff would not be paid, and further admits that Plaintiff has not been paid (¶ 22).
>
> 17. The second count at ¶¶ 53-55, is labeled "Bad Faith Action" and "requests an award of attorney's fees under these facts by statute, namely 42, Pa. C.S.A. §(6)(7)(9)".
>
> 18. 42 Pa. C.S.A. § 2503 does not create an independent cause of action, but is simply a codification of the litigants who may be entitled to a reasonable counsel fee as part of the taxable costs, should they prevail.
> ...
> WHEREFORE, Plaintiff asks the Court to dismiss the Counterclaim of Defendant Virginia Kurschinske with prejudice.

• • •

Preliminary Objections [Doc. No. 16] ¶¶ 11-18, filed in <u>Mahood v. Kurschinske, et al.</u>, No. GD 09-

4046. In her brief in opposition to Mahood's Preliminary Objections, Kurschinske conceded that she failed to state a viable bad faith claim. Brief in Opposition [Doc. No. 21], filed in Mahood v. Kurschinske, et al., No. GD 09-4046. She argued, however, that Mahood's Preliminary Objections to her breach of contract claim should be dismissed, arguing:

> ...As to Count I, the preliminary objections should be dismissed and the litigation should be permitted to proceed based upon the contract, which has clearly been pled by both parties, but for which factual issues still remain in dispute.

Brief in Opposition [Doc. No. 21], filed in Mahood v. Kurschinske, et al., No. GD 09-4046.

The Honorable Paul Lutty entered the following Order on October 6, 2009:

> AND NOW, this 6th day of Oct, 2009, after due consideration of the briefs and argument of the parties, it is hereby ORDERED that Plaintiff's Preliminary Objections are sustained and that the Preliminary Objections of Defendant Virginia Kurschinske are stricken and further ORDERED that the Counterclaim of Defendant Virginia Kurschinske is hereby DISMISSED WITH PREJUDICE.

Def. Ex. D. Mahood thereafter discontinued the state court lawsuit against Kurschinske.

As previously stated, Meadville Forging argues that it has already paid Mahood $46,763.21 and that the state court Order sustaining Mahood's Preliminary Objections and dismissing Kurschinke's Counterclaim with prejudice precludes Kurschinske from executing on Judgment 2 in this Court. A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating states. Haring v. Prosise, 462 U.S. 306, 313 (1983) citing Allen v. McCurry, 449 U.S. 90, 96 (1980). See also Salley v. Rendell, 2008 WL 1752246 at *5 n.9 (W.D.Pa. 2008) (highlighting difference between federal common law doctrine of claim preclusion and claim preclusion doctrine under state law). In other words, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3rd Cir. 1994). Therefore, Pennsylvania state law regarding preclusion must be applied to the case at bar.

Collateral estoppel, also known as issue preclusion, bars "successive litigation of an issue

of fact or law actually litigated and resolved in a valid court determination." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3rd Cir. 2009) (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968, 977 (2001)). Under Pennsylvania law, collateral estoppel will apply if (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party, or in privity with a party, in the prior case; (4) the party, or person privy to the party, against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005); Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 265 (3rd Cir. 2008).

Applying the above standard, I find that Kurschinske is collaterally estopped from prosecuting her claim for a portion of the attorney's fees in this case by attempting to execute on Judgment 2. I first note that there was unquestionably a final judgment on the merits in the state court action. By sustaining Mahood's preliminary objections in the nature of a demurrer and dismissing her Counterclaim with prejudice, the state court concluded that the facts as alleged by Kurschinske in support of her breach of contract claim were "legally insufficient to establish a right to relief." Stair v. Turtzo, Spry, Sbrocchi, Faul & Labbarre, 768 A.2d 299, 302 (Pa. 2001) citing Werner v. Zazyczny, 681 A.2d 1331, 1335 (Pa. 1996). The Pennsylvania Supreme Court has held that "the dismissal of a complaint as to one defendant upon its preliminary objections is a final appealable order ... which becomes res judicata if not appealed within the prescribed appeal period." United State National Bank in Johnstown v. Johnson, 487 A.2d 809, 813 (Pa. 1985) (internal citations omitted). Kurschinske did not appeal the state court decision and she is bound by the state court's adjudication of her breach of contract claim against Mahood.

The party against whom issue preclusion is asserted, Kurschinske, was clearly a party in the state court action. The viability of her Counterclaim was fully briefed, affording her a full and fair opportunity to litigate the issue. In short, the state court's rejection on the merits of her contract

9

claim against Mahood precludes her ability to assert the same claim here.

All things, including lawsuits and the remnants of lawsuits, must eventually come to an end. Such is the case here. For the foregoing reasons, Meadville Forging's Emergency Motion to Strike Writ of Execution and Deem Judgments Satisfied will be granted and Kurschinke's Motions will be denied.

## IV. Conclusion

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VIRGINIA KURSCHINSKE, )
)
        Plaintiff, )
)
  v. ) Civil Action No. 06-87 Erie
)
MEADVILLE FORGING COMPANY, )
)
        Defendant. )

### ORDER

AND NOW, this 19th day of January, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Emergency Motion of Meadville Forging Company, L.P. to Strike Writ of Execution and Deem Judgements Satisfied [Doc. No. 74] is GRANTED. The Clerk of Courts is hereby directed to mark the Judgement entered on January 28, 2008 in the amount of $25,000.00 [Doc. No. 53] SATISFIED and the Judgment entered on September 30, 2008 in the amount of $46,763.21 [Doc. No. 63] SATISFIED.

IT IS FURTHER ORDERED that, with respect to the Judgment entered on January 28, 2008 [Doc. No. 53], Meadville Forging Company shall calculate post-judgment interest pursuant to § 1961(a), from January 28, 2008 to June 26, 2008, and issue the Plaintiff a draft in the amount of that interest within ten (10) days from the date of this Court's Order.

IT IS FURTHER ORDERED that the "Motion to Dismiss/Strike Meadville Forges (sic) Emergency to a Writ of Execution Plea for Failure to Pay Me What is Owed by Valid Judgment; Motion to Strike Attorney Susan Mahoods (sic) Written, Non Verbal Affadavit (sic) as Hostile Hearsay; Motion to Continue Writ of Execution to Collect My Outstanding Money Judgment Owed to Me by this Honorable Court of Jurisdiction; Motion to [Execute] a Writ of Sale Order Against Meadville Forge Company, L.P." [Doc. No. 78] and "Motions to the Court" [Doc. No. 86] filed by Virginia Kurschinske are DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.