# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VIRGINIA KURSCHINSKE,           )
        Plaintiff,              )
        v.                      )   Civil Action No. 06-87 Erie
                                )
MEADVILLE FORGING COMPANY,      )
        Defendant.              )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

Presently pending before the Court are the following motions filed by Plaintiff, Virginia Kurschinske ("Kurschinske")[1]:

(1) Motion for Interest and Costs [ECF No. 101];

(2) Motion to Nullify the January 19, 2011 Court Order [ECF No. 102]; and

(3) "Motion [for] Court to Warrant Criminal Charges" [ECF No. 108].[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural background of the case are set forth in detail in the Court's Memorandum Opinion and Order dated January 19, 2011 and are incorporated herein. [ECF No. 94]. Briefly, on January 28, 2008, following a jury trial on Kurschinske's gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, § 2000c *et seq*. and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.,* a judgment was entered in favor of Kurschinske in the amount of $25,000.00 ("Judgment 1"). [ECF No. 53]. Defendant, Meadville Forging Company ("Meadville Forging") paid Kurschinske $25,000.00 on June 27, 2008. On September 30, 2008, this Court awarded attorney's fees and costs in favor of Kurschinske and against Meadville Forging in the

---

[1] Kurschinske is proceeding *pro se*.

[2] Kurschinske filed a document styled "MOTION TO INCLUDE ADDENDUMS & RESPONSE TO "M.F.C." DEBT AND INTEREST AND COMPOUND INTEREST." [ECF. No. 107] (emphasis in original). The motion is granted to the extent that the Court has considered the arguments therein.

1

amount of $46,763.21 ("Judgment 2"). [ECF No. 63].

On December 2, 2008, Susan Mahood ("Mahood"), Kurschinske's counsel, filed a Petition for Equitable Charging Lien, requesting that this Court impose an equitable charging lien in her favor and order payment of Judgment 2 to her. [ECF No. 65]. A telephonic argument on the Petition was held on January 6, 2009. Mahood contended that she was entitled to the full amount of Judgment 2, *i.e.*, $46,763.21. Kurschinske, on the other hand, argued that Mahood was entitled to a lesser percentage of the fee based upon an alleged contractual agreement with Mahood. At the conclusion of the argument, I dismissed the Petition for lack of jurisdiction. See [ECF No. 93], Tr. of Argument pp. 5-7.

On March 23, 2009, Mahood filed a lawsuit against Kurschinske and Meadville Forging in the Allegheny County Court of Common Pleas, at No. GD 09-4046 (the "state court action"). In this lawsuit, Mahood sought payment of Judgment 2 in the amount of $46,763.21 for work performed by her in the federal gender discrimination case. [ECF No. 74], Def. Ex. B. On July 17, 2009, Mahood entered a default judgment against Meadville Forging in the amount of $46,763.21. On August 25, 2009, Meadville Forging forwarded Mahood a check in that amount which was cashed by her on September 2, 2009. [ECF No. 74], Def. Ex. E.

Kurschinske, through counsel, filed an Amended Answer, New Matter and Counterclaim in the state court action, and alleged, *inter alia*, that she was entitled to $16,094.53 of the attorney's fee award based upon an alleged contract between herself and Mahood. [ECF No. 74], Def. Ex. C. Following argument on Mahood's preliminary objections to Kurschinske's Counterclaim, the state court granted the preliminary objections in the nature of a demurrer by Order dated October 9, 2009 and dismissed Kurschinske's Counterclaim with prejudice. [ECF No. 74], Def. Ex. D. On June 29, 2010, Mahood discontinued the state court action.

On October 5, 2010, Kurschinske filed a Praecipe for Writ of Execution in this Court requesting a Writ of Execution be issued against Meadville Forging [ECF No. 71], and a Writ of Execution was issued by the Deputy Clerk. On October 19, 2010 Meadville Forging filed an

2

Emergency Motion to Strike the Writ of Execution and Deem Judgements Satisfied. [ECF No. 74]. Following a hearing held on December 20, 2010, Meadville Forging's Motion was granted by Memorandum Opinion and Order dated January 19, 2011. [ECF No. 94]. In so doing, I concluded that Judgment 1 had been satisfied based upon Meadville Forging's payment of $25,000.00 to Kurschinske on June 27, 2008, and further ordered Meadville Forging to calculate post-judgment interest pursuant to 28 U.S.C. § 1961(a) from January 28, 2008 to June 26, 2008 and issue Kurschinske a draft in the amount of that interest within ten (10) days of the Order. [ECF No. 94, p. 4]. In addition, I held that Kurschinske was collaterally stopped from prosecuting her claim for a portion of the attorneys fees in this case by attempting to execute on Judgment 2 [ECF No. 94, pp. 9-10], and that Judgement 2 had been satisfied as a result of Meadville Forging's payment of $46,763.21 to Mahood. [ECF No. 94, pp. 4-10].

On January 25, 2011, Kurschinske filed a Motion to Reconsider and Motion to Vacate the Court's Order dated January 19, 2011. [ECF. No. 95]. Kurschinske argued that the default judgment entered against Meadville Forging in the state court action should not collaterally estop her from executing on Judgment 2. Meadville Forging filed a response to Kurschinske's Motion and Kurschinkse filed a reply. [ECF No. 98 and ECF No. 100]. On February 25, 2011, Kurschinske's motion was denied by the Court. See Text Order dated February 25, 2011. Thereafter, Kurschinske filed the current round of motions.

## II. DISCUSSION

### A. *Motion for Interest and Costs*

Kurschinske seeks to recover post-judgment interest, "[s]heriff fees" and costs on both Judgments. She requests $891.00 for Judgment 1, and $2,150.00 for Judgment 2. [ECF No. 101] p. 1. With respect to Judgment 1, the dispute centers on the appropriate rate of interest to be applied in calculating the amount due. Meadville Forging contends that the appropriate rate of interest is 2.68%, see [ECF No. 103] pp. 5-6, while Kurschinske argues that the appropriate rate is 2.8330%. [ECF No. 107] p. 5 ¶ 14.

3

I find that 2.83% is the appropriate rate. The statute provides that the rate of interest used in calculating the amount of post-judgment interest is the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). The weekly average one-year constant maturity Treasury yield for the calendar week ending January 18, 2008 was 2.83%. See http://www.federalreserve.gov/releases/h15/20080122/. Accordingly, the interest rate due is $290.63, and Meadville Forging shall issue Kurschinske a draft in the amount of $290.63 within ten (10) days from the date of this Court's Order.[3] Because I have previously determined that Kurschinske is collaterally stopped from prosecuting her claim for a portion of the attorney's fees in this case by attempting to execute on Judgment 2, it follows that she is precluded from prosecuting a claim for post-judgment interest, costs and/or fees on that Judgment as well.

### B. *Motion to Nullify the January 19, 2011 Court Order*

Kurschinske has filed a Motion to Nullify this Court's Order dated January 19, 2011 under Rule 60(b)(3) of the Federal Rules of Civil Procedure. Rule 60(b)(3) provides relief from a final judgment, order or proceeding where there has been "fraud ..., misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3); Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3rd Cir. 1983). In order to prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. Id. at p. 207; see also Pray v. Dept. of Justice, 290 Fed. Appx. 501, 503 (3rd Cir. 2008); Jacobs v. Carlson, 2010 WL 1026967 at *8 (W.D.Pa. 2010); Ames Tru Temper, Inc. v. Myers Industries, Inc., 2007 WL 4268697 at *2 (W.D.Pa. 2007). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 527 (3rd Cir. 1960) (citations omitted), cert. denied, 365 U.S.

---

[3] In calculating the daily interest for the entire post-judgment period, the following formula was used: P (r/365*d), P being the principal, r being the interest rate, and d being the number of days. E.E.O.C. v. Custom Companies, Inc., 2007 WL 1810495 at *8 (N.D.Ill. 2007); Chemetall GMBH v. ZR Energy, Inc., 2001 WL 1104604 at *21 (N.D.Ill. 2001).

818 (1961).

Here, Kurschinske alleges in essence that Meadville Forging conspired with Mahood in the state court action to "obtain a fraudulent transfer of ownership [of Judgment 2] through an administrative default judgment scheme to purposely harass and defraud [her] by conspiring false claims, omissions and dishonest acts in state court." [ECF No. 102] ¶ 12. Kurschinske alleges the following conduct in support of her request for relief:

1. Meadville Forging Company's failure to set up a court fund after September 2008.

2. Meadville Forging Company's refusal to take a Federal Court Judges suggestion to set up a court fund.

3. Meadville Forging Company's refusal to participate in a 3rd party payment compromise plan.

4. Meadville Forging Company willfully accepts being wrongly sued in a State Court lawsuit.

5. Meadville Forging Company aids and abets to obtain a fraudulent default judgment against the wrongly sued company.

6. Meadville Forging Company intentionally ignores Virginia Kurschinske's new counsel to court record by certified notice, intentionally fails to pay new counsel what is owed to Virginia Kurschinske by Federal Orders, for reasons to protect the ongoing fraud scheme.

7. Meadville Forging Company who knew they were being wrongfully sued intentionally pays a portion of the lawsuit to another co-conspirator, in accordance to a fraudulent default judgment scheme to further the overt acts to commit fraud. Now fraudulently holds the default out to this courts as a true default judgment.

8. Meadville Forging Company who knew they were being wrongfully sued conceals the payment by wrongfully paying another co-conspirator through a fraudulent default judgment, to further protect the ongoing overt acts. The conspirators now intentionally misrepresent the fraudulent default judgment as a true default to this honorable court.

9. Meadville Forging Company intentionally failed to obey a Federal Court Order, the debt owed is to Virginia Kurschinske, to either pay through a court fund or through new counsel or as a money judgment to the plaintiff Kurschinske.

10. Meadville Forging Company who knew they were being wrongfully sued in State Court intentionally diverted from filing a Federal **debtor satisfaction claim** to further protect the fraud scheme to future overt acts.

11. Meadville Forging Company who knew they were being wrongfully sued in State Court who intentionally held the business in the wrongful law suit as the principal

5

factor to the overt acts to aid and abet other overt acts to occur to the ongoing conspiracy to defraud Virginia Kurschinske what was rightfully owed to her.

12. Meadville Forging Company has placed their fraud upon this Honorable Federal Court fraudulently claiming they paid Virginia Kurschinske and paid off their Federal Court Judgment Debt, where overwhelming evidence contradicts this and I have not been paid.

[ECF No. 16] ¶¶ 1-12 (emphasis in original).[4]

Here, I find no evidence of fraud, misrepresentation, or other misconduct that would entitle Kurschinske to relief within the meaning of Rule 60(b)(3). Kurschinske's Motion to Nullify the January 19, 2011 Court Order, as well as the allegations in her Motion [for] Court to Warrant Criminal Charges, are essentially re-packaged versions of arguments previously advanced, considered and rejected by the Court. Rule 60(b)(3) is not a vehicle to "relitigate the merits," see Smith v. Meyers, 2010 WL 2773094 at *1 (D.Del. 2010), and attaching a "fraud" or "misconduct" label to the current Motions does not alter this prohibition. See also Isley v. Dragovich, 2004 WL 1170510 at *1 n.1 (E.D.Pa. 2004) (denying relief under Rule 60(b)(3) finding that, *inter alia*, the plaintiff's arguments were "in short, nothing more than an effort to relitigate plaintiff's claims."); Fleming v. New York University, 865 F.2d 478, 484 (2nd Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."); Walker v. WBKO Television, 46 Fed. Appx. 317, 319 (6th Cir. 2002) ("[A] Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated.").[5]

### III. CONCLUSION

An appropriate Order follows.

---

[4] In her most recent pleading styled "MOTION [FOR] COURT TO WARRANT CRIMINAL CHARGES", Kurschinske makes similar allegations and "requests this court to warrant criminal charges against Meadville Forging Company in collusion with their Attorney Albert Shun Lee, to enter the United States Department Of Justice for involvement and investigation into this federal collection civil case to include all criminal act(s) under the Federal criminal code." [ECF No. 108 p. 1] (emphasis in original).

[5] Kurschinske's entitlement to a portion of the attorney's fees has been exhaustively litigated in this Court. Plaintiff is instructed that if she intends to continue to litigate this issue, her appropriate remedy is to perfect a timely appeal to the Unites States Court of Appeals for the Third Circuit.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA KURSCHINSKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-87 Erie |
| ) | |
| MEADVILLE FORGING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 10th day of June, 2011, and for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the Motion for Interest and Costs [ECF No. 101] is DENIED. IT IS FURTHER ORDERED that, with respect to Judgment 1 entered on January 28, 2008 [Doc. No. 53], Meadville Forging Company shall issue Virginia Kurschinske a draft in the amount of $290.63, which represents payment for post-judgment interest on this Judgment, within ten (10) days from the date of this Court's Order.

IT IS FURTHER ORDERED that the Motion to Nullify a January 19, 2011 Court Order [ECF No. 102] and the Motion [for] the Court to Warrant Criminal Charges [ECF No. 108] are DENIED. The Motion to Include Addendums and Response to "M.F.C" Debt and Interest and Compound Interest [ECF No. 107] is GRANTED to the extent the Court considered the arguments contained therein.

                                                                        s/ Sean J. McLaughlin
                                                                        United States District Judge

cm: All parties of record.